UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN GRAY (#188577),

    Plaintiff,

v.

SERGEANT JASON WHITE,
DEPUTY THORTON,
DEPUTY IRISH, and
DEPUTY STORMS,

    Defendants.
_____/

Case No. 2:23-10507
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER: (1) DENYING PLAINTIFF'S DUPLICATE JANUARY 16, 2024 MOTIONS TO COMPEL DISCOVERY (ECF Nos. 43, 48); (2) DENYING IN PART & GRANTING IN PART PLAINTIFF'S MARCH 3, 2024 MOTION (ECF No. 46); (3) DENYING PLAINTIFF'S APRIL 28, 2024 MOTION TO COMPEL DISCOVERY (ECF No. 56); and, (4) SETTING A DEADLINE FOR PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 52)**

**I.    OPINION**

    **A.    Prior Discovery Order**

Plaintiff initiated this lawsuit in March 2023 against four Genesee County Defendants regarding the alleged events of August 18, 2021 and August 19, 2021 at the Genesee County Jail (GCJ). (ECF No. 1.) The case was referred to me for pretrial matters, and I entered a scheduling order, setting the discovery deadline for

1

February 29, 2024 and the dispositive motion cut-off for April 30, 2024. (ECF Nos. 12, 25.)

On December 27, 2023, I entered a discovery-related opinion and order, denying Plaintiff's motion for order for admission of documents (ECF No. 33), granting in part and denying in part as moot Defendants' motion to compel (ECF No. 28), and granting Defendants leave to take Plaintiff's deposition. (ECF No. 35.) *Inter alia*, Defendants' motion (ECF No. 28) was granted as to compelling production of documents and interrogatory Nos. 3, 9 & 14, required compliance on or before January 26, 2024, and cautioned: "**Failure to comply with this order may result in sanctions, up to and including dismissal of his case.**" (ECF No. 35, PageID.135-138 (emphasis in original).)

### B. Defendants' Pending Dispositive Motions

In February 2024, Defendants sought dismissal of Plaintiff's complaint, alleging he failed to obey the discovery order (ECF Nos. 37, 39); however, their first two attempts were stricken for failure to comply with a particular electronic filing rule (ECF Nos. 38, 40). At this time, there are two pending dispositive motions: (1) Defendants' February 13, 2024 *corrected* motion to dismiss for Plaintiff's failure to obey discover order (ECF No. 41), as to which Plaintiff seems to have filed multiple responses (ECF Nos. 44, 47, 49); and, (2) Defendants' April

30, 2024 motion for summary judgment (ECF No. 52), which is accompanied by affidavits (ECF Nos. 53, 54) and for which a response deadline will be set below.

### C. Plaintiff's Discovery-Related Motions

Meanwhile, Plaintiff has filed several discovery-related motions, each of which is now ready for decision. Before addressing them, the Court notes for background: (1) Plaintiff's September 12, 2023 deposition at GCJ (ECF No. 41-3; ECF No. 45, PageID.678-771); (2) Plaintiff's January 16, 2024 discovery requests, post-marked January 23, 2024 (ECF No. 41-2); and, (3) Defendants' March 4, 2024 answers and responses (ECF No. 45, PageID.774-775), which appear to have included a report of Plaintiff's requests (dated August 2021 to July 3, 2022) and multiple other pieces of documentation (*see id.*, PageID.499-677).

#### 1. Plaintiff's duplicate, hand-dated January 16, 2024 motions to compel discovery, post-marked February 15, 2024 and March 1, 2024 (ECF Nos. 43, 48)

These duplicate, hand-dated January 16, 2024 motions appear *themselves* to be duplicates of what Defendants' February 13, 2024 motion to dismiss describes as "Interrogatories and Document Requests, as well as a *coextensive* Motion to Compel Discovery, dated January 16, 2024." (ECF No. 41, PageID.374 ¶ 10 (emphasis added).) (*Compare* ECF No. 41-2, PageID.386-392 [post-marked January 23, 2024]; *with*, ECF No. 43, PageID.489-492 [post-marked February 15, 2024]; and, ECF No. 48, PageID.782-789 [post-marked March 1, 2024].) In other

3

words, it seems Plaintiff served his January 2024 discovery requests and a related motion at the same time, and Defendants attached these items to their February 2024 motion to dismiss (perhaps motivating Plaintiff's February 15, 2024 and March 1, 2024 motions).[1]

Whatever the motivation may have been for Plaintiff's duplicate motions in this Court, if the discovery requests were served on January 16, 2024, then answers, responses, and/or objections were due on or about February 15, 2024. Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A). On March 4, 2024, Defendants served Plaintiff with answers to Plaintiff's Interrogatories (Nos. 1-3) and responses to Responses to Plaintiff's Requests for Production (Nos. 1-5). (ECF No. 45, PageID.773-775.)

Setting aside the issue of whether Defendants' March 4, 2024 responses were timely – an issue which will be addressed below – Plaintiff's motions to compel (ECF Nos. 43, 48) are **DENIED**. For one thing, they seem to duplicate the apparently simultaneously served January 16, 2024 discovery requests and motion

---

[1] Comparing the motion post-marked February 15, 2024 (ECF No. 43) to the one post-marked March 1, 2024 (ECF No. 48), the latter attaches Requests for Production (Nos. 1-5) and Interrogatories (Nos. 1-3). (*See id.*, ECF No. 48, PageID.785-788.) Perhaps Plaintiff did so, because "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2.

to compel. Unless the Court is missing an even earlier discovery request, it makes little sense for Plaintiff to simultaneously serve discovery requests and a related motion. Also, Plaintiff's post-marked February 15, 2024 and March 1, 2024 motions to compel were served without the benefit of Defendants' apparently tardy March 4, 2024 answers, responses, and objections. Although Defendants made multiple objections in the written answers and responses, it appears they also produced copies of: (a) the July 29, 2021 intake and booking sheet; (b) the August 18, 2021 Incident Report, with the explanation that there was "no video or audio footage[;]" and, (c) Plaintiff's grievances placed on the Jail Kiosk. (*Id.*) (*See also* ECF No. 45, PageID.581, 592, 597 [July 28, 2021 Midland County Jail Inmate Booking Documents]; *id.*, PageID.670-671 [July 28, 2021 Genesee County Sheriff's Office (GCSO) Incident Report]; and, *id.*, PageID.636-639 [August 18, 2021 GCSO Incident Report].) Thus, even if their answers, responses, and objections were tardy, Defendants do not appear to have ignored Plaintiff's interrogatories and requests for production.

    **2.**    **Plaintiff's hand-dated March 3, 2024 motion, post-marked March 4, 2014 (ECF No. 46)**

In this brief, handwritten motion, Plaintiff contends he "has requested discovery from [defense] counsel without any response given." (ECF No. 46, PageID.776-777.) However, he also suggests that Defendants' discovery responses were "not in a timely manner" and were "improper . . . ." (*Id.*)

5

Seemingly as a result, Plaintiff is "seeking discovery from a non-party at this point where [he is] forced to utilize Rule 45[.]" (*Id.*) Thus, he seems to "request subpoena of camera footage from the alleged date of complaint incident from the [GCJ] if this Honorable court will allow it." (*Id.*, PageID.777.)[2]

To be sure, Defendants' March 4, 2024 responses to Plaintiff's January 2024 discovery requests seem to have been tardy under Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A). And, the fact that Plaintiff's motion is post-marked March 4, 2024, which is the same day Defendants served their discovery responses (*see* ECF No. 45, PageID.774-775), might explain Plaintiff's statement that he was "without any response" to his discovery requests. (ECF No. 46, PageID.776, 778.)

Still, if Plaintiff's Interrogatories (Nos. 1-3) and Requests for Production (Nos. 1-5) are his sole set of discovery requests (*see* ECF No. 41-2), then Plaintiff's statement that Defendants "gave . . . Plaintiff improper responses to discovery request[s][,]" (ECF No. 46, PageID.777), suggests that Plaintiff was in possession of Defendants' March 4, 2024 answers, responses, and objections when he filed the instant motion. Assuming that to be the case, Plaintiff does not explain

---

[2] Additionally, Plaintiff claims to have "requested clear forms from the clerk to file motions and never received any[,]" so "only by default did [he] violate the filing policies by sending a 'letter[,]'" which is seemingly a reference to his now-stricken February letter (*see* ECF Nos. 36, 38). (ECF No. 46, PageID.776.)

6

what was "improper" about them. Upon consideration, this motion (ECF No. 46) is **DENIED**.

However, Plaintiff's motion is **GRANTED** to the extent he asks the Court for an extension of time "to file [his] responses . . . if still needed." (ECF No. 46, PageID.776.) Plaintiff has already responded (*see* ECF Nos. 44, 47, 49) to Defendants' motion to dismiss (ECF No. 41). However, because Plaintiff has yet to respond to Defendants' motion for summary judgment (ECF No. 52), the Court will permit Plaintiff thirty (30) days in which to do so.

3. **Plaintiff's hand-dated April 28, 2024 motion to compel discovery, post-marked May 2, 2024 (ECF No. 56)**

Plaintiff contends Defendants' answers to Requests for Production (Nos. 1-5) "are unacceptable[.]" (ECF No. 56, PageID.100.) Plaintiff also contends Defendants' "answers to interrogatories are incomplete . . . [,]" and he "needs full descriptive answers to present as discovery . . . [,]" not "friv[o]lous objections." (*Id*.) Finally, Plaintiff contends Defendants "have refused to present video & audio of the incident . . . [,]" claiming "it is illegal to use excessive force and not record it for the safety of the facility workers and inmates." (*Id*.)

Upon consideration, Plaintiff's motion to compel discovery (ECF No. 56) is **DENIED**. In their motion response, Defendants represent that "Plaintiff has been provided with all the answers and documents that are responsive to [his] requests." (ECF No. 57, PageID.1094.) Moreover, while Defendants contend Plaintiff "has

7

not specifically identified any particular interrogatories or requests for production which he finds deficient[,]" (ECF No. 57, PageID.1093), the Court assumes Plaintiff's motion concerns Plaintiff's aforementioned January 16, 2024 Requests for Production (Nos. 1-5) and Interrogatories (Nos. 1-3) (*see* ECF No. 48, PageID.785-788) and Defendants' March 4, 2024 responses thereto (*see* ECF No. 45, PageID.774-775). Even so, Plaintiff's May 2024 motion to compel makes global criticisms of the answers, responses or objections, *i.e.*, it does not identify any specific deficiencies. Finally, Defendants have attached evidence that, on April 24, 2024, they served Plaintiff with a supplemental answer / response, apparently including the "recently discovered video of the incident alleged in Plaintiff's Complaint." (ECF No. 57, PageID.1096-1097.)[3]

### D. Order

Accordingly, Plaintiff's duplicate January 16, 2024 motions to compel discovery (ECF Nos. 43, 48) are **DENIED**; Plaintiff's March 3, 2024 motion (ECF

---

[3] Under separate cover, the Court will consider Defendants' May 16, 2024 motion for protective order regarding video (ECF No. 58), which represents that Plaintiff has been provided with "the full unredacted version . . . [,]" but seeks "to seal the entire video, to prevent public access, as it contains instances of Plaintiff's nudity and redaction of the entire video is not practical." (*Id.*, ¶¶ 3, 11(i).) (*See also* ECF Nos. 51, 55.)

No. 46) is **DENIED IN PART & GRANTED IN PART**; and, Plaintiff's April 28, 2024 motion to compel discovery (ECF No. 56) is **DENIED**.

Finally, Plaintiff's shall have up to and including **June 28, 2024** by which to file a response to Defendants' April 30, 2024 motion for summary judgment (ECF No. 52).

It is **SO ORDERED.**[4]


Dated: May 20, 2024

                                              Anthony P. Patti
                                              United States Magistrate Judge

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).