UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN GRAY,

      Plaintiff,

v.

SERGEANT WHITE, DEPUTY
THORNTON, DEPUTY IRISH, and
DEPUTY STORMS,

      Defendants.

Case No. 23-cv-10507

Honorable Robert J. White

---

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Tyjuan Gray is currently incarcerated with the Federal Bureau of Prisons at United States Penitentiary Florence ADMAX.  He commenced this *pro se* 42 U.S.C. § 1983 action against Genesee County Deputy Sheriff's Brandon Thornton, Matthew Irish, Connor Storms, and then-Sergeant Jason White.  The complaint alleges that the deputies violated the United States Constitution when they assaulted Gray while he was detained at the Genesee County jail in August 2021.

Before the Court is Gray's motion for reconsideration of the January 13, 2026 judgment awarding summary judgment to the deputies. (ECF No. 99, *see also* ECF No. 92).  The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(h)(3).

Gray filed the current motion pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1), (3), and (6). (ECF No. 99, PageID.1269).  Rule 59(e) allows for alterations or amendments to the judgment.  Rule 60(b) provides grounds for relief from a final judgment.  What is important here is that (1) Gray filed the current motion after he already filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit, and (2) the motion is untimely because Gray should have filed it no later than 28 days after the entry of the January 13, 2026 judgment. *See* Fed. R. Civ. P. 59(e); *see also* Fed. R. App. P. 4(a)(4)(A)(vi).

Because Gray filed the current motion untimely on February 14, 2026,[1] after already filing a notice of appeal, the Court lacks jurisdiction to entertain the motion. *See Patterson v. Anderson*, 586 F. App'x 657, 663 (6th Cir. 2014); *see also O'Sullivan Corp. v. Duro-Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001) (holding that "[w]hen a party has filed a *timely* motion to alter or amend a judgment after a notice of appeal has been filed, the district court still retains jurisdiction to consider the motion.") (emphasis added); Fed. R. App. P. 4(a)(4) Advisory Committee Notes (1993 Amendment) ("A notice [of appeal] filed before the filing of one of the

---

[1] According to the "prison mailbox rule" a *pro se* inmate's legal submission "is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  The earliest date Gray could have accomplished this is February 14, 2026 – the date he affixed to the motion. (ECF No. 99, PageID.1272-73).  February 14, however, was four days too late. *See* Fed. R. Civ. P. 59(e); *see also* Fed. R. App. P. 4(a)(4)(A)(vi).

specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

At any rate, Gray fails to demonstrate "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quotation omitted). So reconsideration of the January 13, 2026 judgment, pursuant to Rule 59(e), is unwarranted.

As for Rule 60(b), the specified relief "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quotation omitted). And the party seeking Rule 60(b) relief bears the burden of establishing the requisite grounds through clear and convincing evidence. *Id.*; *see also Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007). Since Gray fails to carry this heavy burden, the portion of his motion seeking reconsideration pursuant to Rule 60(b) must likewise be denied. Accordingly,

IT IS ORDERED that Gray's motion for reconsideration of the January 13, 2026 judgment (ECF No. 99) is denied.

4

Dated: March 23, 2026         s/ Robert J. White

Robert J. White
United States District Judge